UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD W. PORTER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF MENTAL HEALTH, )<br>et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NOS.<br>23-40163-DHH |
| RICHARD W. PORTER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF WAKEFIELD, et al., )<br>)<br>Defendants. )<br>) | 23-40181-DHH |

### REPORT AND RECOMMENDATION

**January 25, 2024**

**Hennessy, M.J.**

Between October 19, 2023, and December 12, 2023, *pro se* plaintiff Richard W. Porter, Jr., commenced five actions in this Court in which he alleges that, pursuant to a series of commitment orders, he has been wrongfully confined at the Worcester Recovery Center and Hospital ("WRCH") since Fall 2020. His filings indicate that the most recent commitment order was issued by the Worcester District Court on October 18, 2023. *See, e.g.*, C.A. No. 23-40130-

MRG (Dkt. Nos. 5, 6, 10-12).[1]  Although the complaints are not identical, the thrust of the pleadings is that his confinement is unlawful.  Porter seeks discharge from WRCH in each of these actions.  *See* C.A. No. 23-40163-DHH (Dkt. Nos. 4, 6, 8-11, 13, 14, 16); C.A. No. 23-40181-DHH (Dkt. Nos. 1, 5).  The Court RECOMMENDS these actions be CONSOLIDATED under Rule 42 of the Federal Rules of Civil Procedure and DISMISSED for failure to comply with the proper procedure for a writ of habeas corpus.

Because Plaintiff brings essentially the same claims in the two complaints, the actions can be consolidated under Federal Rule of Civil Procedure 42.  Under Rule 42, a court may consolidate actions if they involve common questions of law or fact.  Fed. R. Civ. P. 42(a)(2).  Plaintiff's actions involve common questions of fact—in both suits, he alleges that he has been wrongly confined to the Worcester Recovery Center and Hospital based on the allegedly false testimony of Nancy Morino.  *See* C.A. No. 23-40163-DHH (Dkt. No. 1); C.A. No. 23-40181-DHH (Dkt. No. 1).  He also alleges that he was arrested pursuant to warrant which was directed to Boston resident Richard Porter, not Plainitff.  *Id.*  As the two complaints are essentially identical, the Court recommends that these cases be consolidated under Rule 42.

I also recommend dismissal for failure to follow the protocol for habeas corpus petitions.  In a federal court, challenges to the fact or duration of one's confinement by the government must be asserted in a petition for a writ of habeas corpus.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").  A party seeking relief through a

---

[1] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

habeas petition must exhaust available state remedies—including state appellate remedies—prior to seeking habeas relief in a federal court.[2]  *See* 28 U.S.C. § 2254(b)(1)(A).

Construing Plaintiff's pleadings in these actions as requests for habeas relief, the Court should deny him the requested relief.  Plaintiff does not allege that he has exhausted his state court remedies, and there is no basis for the Court to believe that Plaintiff is without any other remedy to challenge the validity of his confinement or to seek release other than by filing a habeas petition in a federal district court.

Accordingly, the Court RECOMMENDS that these actions be DISMISSED.  Any pending motions should accordingly be denied as moot.[3]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] In the absence of specific information concerning the underlying commitment and/or criminal proceedings, the Court cannot determine whether the proper vehicle for a person in Porter's situation to seek habeas relief in a federal district court would be a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (allowing a person "in custody pursuant to the judgment of a State" to seek habeas relief), or under 28 U.S.C. § 2241 (general habeas statute).  For purposes of this order, the distinction is irrelevant.  Section 2254 explicitly requires a petitioner to exhaust available state remedies.  *See* 28 U.S.C. § 2254(b), (c).  Although § 2241 does not contain an explicit provision concerning the exhaustion of other remedies, the Court may deny a § 2241 habeas petition if the petitioner has not exhausted his state remedies.  *See, e.g.*, *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies.").

[3] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).